NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
ROBERTO COLON JR., et al.,          :
                                    :
        Plaintiffs,                 :
    v.                              :
                                    :
GEORGIA-PACIFIC CORRUGATED,         :
LLC, et al.,                        :
                                    :   Civil Action No. 11-0807 (JAP)
        Defendants.                 :
_____:    **OPINION**
                                    :
GEORGIA-PACIFIC CORRUGATED III      :
LLC,                                :
                                    :
        Third-Party Plaintiff,      :
                                    :
    v.                              :
                                    :
RLI INSURANCE COMPANY,              :
                                    :
        Third-Party Defendant.      :
_____:

PISANO, District Judge.

Presently before the Court are the motions for summary judgment filed by Third-Party Plaintiff Georgia-Pacific Corrugated III LLC ("Georgia-Pacific") and Third-Party Defendant RLI Insurance Company ("RLI"). For the reasons set forth below, Georgia-Pacific's motion will be granted in part and denied in part, and RLI's motion will be denied.

I.      BACKGROUND

This action emanates from a motor vehicle accident that occurred on July 3, 2007. On that date, Plaintiff Roberto Colon—then employed by Temple Trucking, Inc. ("Temple")—traveled to a facility in Milford, New Jersey to pick up Georgia-Pacific goods for transport.

Colon Dep. 21:1-23; 64:2-65:21.  Prior to Colon's arrival, the goods had been loaded onto a trailer owned by Kinard Trucking.  Colon Dep. 66:25-67:9.  When Colon arrived, he connected the trailer to the Temple tractor he was driving.  Colon Dep. 66:20-67:9.  He then inspected the trailer and complained that it appeared to have been loaded improperly.  Colon Dep. 66:20-74:6.  After leaving the facility with the trailer as loaded, Colon was involved in a motor vehicle accident with another truck.  Colon Dep. 74:3-19; 81:4-87:10.

On June 29, 2009, Colon filed a complaint in the Superior Court of New Jersey, Mercer County, against numerous defendants, including Georgia-Pacific, for injuries that he suffered as a result of the July 3, 2007 accident.  Subsequently, on December 20, 2010, Georgia-Pacific filed a third party complaint against RLI seeking a judgment that RLI has a duty to defend and indemnify Georgia-Pacific in connection with the personal injury action.  Third Party Compl. ¶ 9.  On February 14, 2011, RLI removed the action to this Court.  Because Georgia-Pacific subsequently entered into a settlement with Colon, it now seeks to recoup from RLI the amount of that settlement in addition to attorney's fees, costs and expenses.

Georgia-Pacific bases its claim to defense and indemnity on a commercial automobile insurance policy ("the Policy") RLI issued to Temple in October 2006.  McLaughlin Cert. Ex. A.  The Policy provides liability coverage for "covered autos," defined as "[o]nly those 'autos' described in ITEM THREE of the Declarations for which a premium charge is shown (and for Liability Coverage any 'trailers' you don't own while attached to any power unit described in ITEM THREE)."  *Id.* at 14.  "ITEM THREE", in turn, refers to a schedule of covered autos owned by Temple, which includes the tractor that Colon operated on the date of the motor vehicle accident that formed the basis of his complaint.  *Id.* at 6, 10-11; Colon Dep. 61:3-62:7.  Furthermore, the Liability Coverage section of the Policy provides that RLI will "pay all sums an

'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance, or use of a covered 'auto'," and defines "insured" as including both Temple "for any covered 'auto'" and "anyone else while using with [Temple's] permission a covered 'auto'" owned, hired, or borrowed by Temple. *Id.* at 15. Both RLI and Georgia-Pacific now move for summary judgment.

## II.   STANDARD OF REVIEW

To prevail on a motion for summary judgment, the moving party must establish "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law identifies which facts are "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986*)*. In determining whether a genuine issue of material fact exists, the court must view the facts in the light most favorable to the non-moving party and extend all reasonable inferences to that party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Stephens v. Kerrigan,* 122 F.3d 171, 176-77 (3d Cir. 1997). The Court is not to "weigh the evidence and determine the truth of the matter," but instead need only determine whether a genuine issue necessitates a trial. *Anderson*, 477 U.S. at 249.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, regardless of which party ultimately would have the burden of persuasion at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once that showing has been made, the burden then shifts to the non-moving party to identify, by affidavits or otherwise, specific facts showing the existence of a genuine issue for trial. *Id.* at 324. The non-moving party may not rest upon the mere allegations or denials of its pleadings, *id.*, and must offer admissible evidence

establishing a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." *Matushita*, 475 U.S. at 586.

## III. DISCUSSION

In support of its motion for summary judgment, RLI argues that Georgia-Pacific is not an "insured" entitled to coverage under the Policy because, at the time that the Georgia-Pacific goods were loaded onto the trailer, Georgia-Pacific was not "using" a "covered auto." It asserts that coverage under the Policy was not triggered because the only allegedly negligent acts—the loading of the goods—occurred before the trailer was attached to the RLI-insured tractor that Colon operated on the date of the accident. Georgia-Pacific, on the other hand, argues that it is entitled to coverage under the Policy regardless of whether the trailer was attached to the tractor before or after the Georgia-Pacific goods were loaded. In support of its argument, it points to the broad interpretation of loading and unloading coverage under New Jersey law, and further claims that the loading process was not actually completed prior to the trailer being connected to the tractor.

Under New Jersey law,[1] an insurer is contractually obligated to provide the insured with a defense against all actions covered by the relevant insurance policy. *Abouzaid v. Mansard Gardens Assoc., LLC,* 207 N.J. 67, 79 (2011). In determining whether the duty to defend has been triggered, the Court must compare the allegations in the underlying complaint against the language of the insurance policy. *Voorhees v. Preferred Mut. Ins. Co.*, 128 N.J. 165, 173 (1992). If the two correspond, then "the duty to defend arises, irrespective of the claim's actual merit."[2] When interpreting the language of an insurance policy, the Court should give the words "their plain and ordinary meaning." *Zacarias v. Allstate Ins. Co.*, 168 N.J. 590, 595 (2001). In the

---

[1] The parties agree that New Jersey law governs this dispute.
[2] Thus, the duty to defend is broader than the duty to indemnify—a similar, but related duty of the insurer. *Rosario v. Haywood*, 351 N.J. Super. 521, 534 (App. Div. 2002).

absence of ambiguity, the Court "should not write for the insured a better policy of insurance than the one purchased." *Id.* (internal citations omitted). If, however, ambiguity is present, the policy should be construed in favor of the insured and in line with the insured's objectively reasonable expectations. *Voorhees*, 128 N.J. at 175. "[I]f an insured's 'reasonable expectations' contravene the plain meaning of a policy, even its plain meaning can be overcome." *Id.* (quoting *Werner Indus. v. First State Ins. Co.,* 112 *N.J.* 30, 35-36 (1988)).

Here, the Liability Coverage section of the Policy defines "insured" as including both Temple "for any covered 'auto'" and "anyone else while using with [Temple's] permission a covered 'auto'" owned, hired, or borrowed by Temple. McLaughlin Cert. Ex. A, at 15. Under the Policy, "covered autos" include "[o]nly those 'autos' described in ITEM THREE of the Declarations for which a premium charge is shown (and for Liability Coverage any 'trailers' you don't own while attached to any power unit described in ITEM THREE)." *Id.* at 14. Thus, taking those provisions together, the Policy provides coverage for anyone "using," with Temple's permission, a scheduled tractor or any trailer "while attached" to a scheduled tractor. RLI and Georgia-Pacific do not dispute that, on the date of the motor vehicle accident that formed the basis of his complaint, Colon was operating a scheduled tractor. *See id.* at 6, 10-11; Colon Dep. 61:3-62:7. Likewise, it is undisputed that the trailer containing the Georgia-Pacific goods being shipped was attached to the scheduled tractor when the accident occurred. *See* Colon Dep. 74:3-19; 81:4-87:10. Accordingly, based upon a straightforward interpretation of the language of the Policy, the Court concludes that Georgia-Pacific was "using" a "covered auto"—the trailer containing Georgia-Pacific goods "while attached" to the RLI-insured tractor—and is

therefore an "insured" entitled to coverage.[3]  McLaughlin Cert. Ex. A, at 6, 10-11, 14, 15; *see Zacarias*, 168 N.J. at 595; *Voorhees*, 128 N.J. at 175.

In reaching this conclusion, the Court rejects RLI's argument that coverage was not triggered because the allegedly negligent loading of Georgia-Pacific goods took place before the trailer containing those goods was attached to the scheduled tractor.  As a threshold matter, the Policy contains no such limitation on liability coverage.  *See, e.g., Pizzulo v. New Jersey Mfrs. Ins. Co.*, 196 N.J. 251 (2008)("courts should interpret the policy as written")(internal citations omitted).  Furthermore, the "complete operation" doctrine and broad interpretation of loading and unloading coverage under New Jersey law provide strong support for Georgia-Pacific's position.  Indeed, under the "complete operation" doctrine, "loading and unloading" coverage "covers the entire process involved in the movement of goods, from the moment they are given into the insured's possession until they are turned over at the place of destination to the party to whom delivery is to be made." *Cenno v. West Virginia Paper & Pulp Co.*, 109 N.J. Super. 41, 46 (App. Div. 1970).  "All that is required [to establish coverage] is that the act which resulted in the injury was necessary to carry out the loading and unloading." *Kennedy v. Jefferson Smurfit Co.*, 147 N.J. 394, 401-03 (1997)(finding that the selection of a defective pallet which took place prior to the loading of goods was still part of the loading and unloading process and that the entity that selected the pallet was a "user" of the insured truck entitled to coverage).  Thus, whether Colon attached the trailer containing Georgia-Pacific goods to the RLI-insured tractor before or after the goods were loaded,[4] Georgia-Pacific was still "using" a "covered auto" at the

---

[3] In its brief, RLI acknowledges that it may be true that "Georgia Pacific was using the trailer when it was being operated by Colon because Colon was having its goods shipped at the time," and that "Georgia Pacific may have been using the tractor and trailer at the time [of the accident]."  DE 20, at 1, 8.
[4] The Court notes that Colon inspected the trailer containing the goods *after* it was attached to the RLI-insured tractor and testified that he complained that the trailer appeared to have been loaded improperly.  Colon Dep. 66:20-74:6.

6

time of the accident, and coverage under the Policy was triggered because the accident took place during the "entire process involved in the movement of goods," and was allegedly caused by the improper loading of those goods onto the trailer involved in the accident. *Cenno*, 109 N.J. Super. at 46; *Kennedy*, 147 N.J. at 401-03; *see Griffin v. Public Serv. Mutual Ins. Co.*, 327 N.J. Super. 501, 504-06 (App. Div. 2000)(insurer of trailer portion of tractor-trailer involved in accident required to provide coverage to foreign companies involved in alleged negligent loading of container contained in trailer because "even though the container was loaded in China," it was integral part of tractor-trailer at time of accident and therefore foreign companies were "users" under policy). Accordingly, the Court will grant Georgia-Pacific's motion for summary judgment as to the threshold coverage determination. However, with regard to the monetary judgment and other fees and costs being sought by Georgia-Pacific, the Court will deny Georgia-Pacific's motion without prejudice. The parties will be directed to Magistrate Judge Lois H. Goodman for further proceedings in connection with those issues.

## IV.  CONCLUSION

For the reasons set forth above, Georgia-Pacific's motion for summary judgment is granted in part and denied in part, and RLI's motion for summary judgment is denied. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: July 23, 2012

7